Owen W. Dukelow Bar No. 965318
owen@khpatent.com
Kolisch Hartwell P.C.
520 SW Yamhill Street, Suite 300
Portland, Oregon 97204
Telephone – 503-244-6655

Jonah A. Grossbardt (Cal. Bar No. 283584), *pro hac vice* app to be filed
Jonah.grossbardt@sriplaw.com
SRIPLAW
8730 Wilshire Boulevard, Suite 350
Beverly Hills, California 90211
Telephone – 323-364-6565

*Attorneys for Plaintiff Alexander Bayonne Stross*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| ALEXANDER BAYONNE STROSS,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HYLAND CONST., INC,<br><br>Defendant. | **Case Number:** 6:21-cv-1070<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF DEMANDED)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alexander Bayonne Stross by and through his undersigned counsel, hereby brings this Complaint against Defendant JOHN HYLAND CONST., INC for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff ALEXANDER BAYONNE STROSS ("Stross") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute "Stross's" original copyrighted works of authorship.

2. Stross is the owner and principal photographer of Stross Stock. After traveling the world with his camera, creating thousands of high-quality photographs, the natural next step was to offer the public means to license his Work. Each photo on Stross Stock is shot with top-quality equipment, thoughtfully produced, hand selected, and tastefully edited before being made available to the public.

3. Stross is a native of Austin, Texas, and watched the small city grow and develop into an urban hot spot. This served as his inspiration to become a photographer, centering his expertise on complicated architectural photography and landscape photography. In 2016, Stross was nominated and accepted as a professional member of the American Society of Media Photographers, which is a high honor. Stross received a B.S. in Computer Science at the University of Texas at Austin and has since combined his love for the photographic arts and computer science by building an online system to help protect artists' works on the internet..

4. Defendant JOHN HYLAND CONST., INC ("Hyland Construction") is a full-service construction company located in the Pacific Northwest region. JHCI is equipped to handle every phase of the construction process from pre-construction to project completion. JHCI has been in business for over 40 years.

5. Stross alleges that Hyland Construction copied Stross's copyrighted work from the internet in order to advertise, market and promote its business activities. Hyland Construction committed the violations alleged in connection with Hyland Construction's

business for purposes of advertising and promoting sales to the public in the course and scope of Hyland Construction's business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Hyland Construction is subject to personal jurisdiction in Oregon.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## Defendant

10. John Hyland Const., Inc is an Oregon Corporation with its principal place of business at 1941 Laura Street, Springfield, OR 97477, and can be served by serving its Registered Agent, Mr. Shaun Hyland, 2100 Hayden Bridge Road, Springfield, OR 97477.

## THE COPYRIGHTED WORK AT ISSUE

11. In 2010, Stross created a photograph entitled “5”, which is shown below and referred to herein as the “Work.”

///

///

///

///

///

///

///



12. Stross registered the Work with the Register of Copyrights on April 9, 2010 and was assigned the registration number VAu 1-103-498. The Certificate of Registration is attached hereto as Exhibit 1.

13. At all relevant times Stross was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

14. Hyland Construction has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Hyland Construction copied the Work.

16. On or about July 26, 2018, Stross discovered the unauthorized use on JCHI's social media Instagram page.

17. Hyland Construction copied Stross's copyrighted Work without Stross's permission.

18. After Hyland Construction copied the Work it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its full-service construction business.

19. Hyland Construction copied and distributed Stross's copyrighted Work in connection with Hyland Construction's business for purposes of advertising and promoting Hyland Construction's business, and in the course and scope of advertising and selling products and services.

20. Stross's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

21. Hyland Construction committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

22. Stross never gave Hyland Construction permission or authority to copy, distribute or display the Work at issue in this case.

23. Stross notified Hyland Construction of the allegations set forth herein on August 3, 2020 and August 31, 2020. To date, Hyland Construction has failed to respond to Stross's Notices.

///

///

///

///

**COUNT I**

**COPYRIGHT INFRINGEMENT**

24. Stross incorporates the allegations of paragraphs 1 through 233 of this Complaint as if fully set forth herein.

25. Stross owns a valid copyright in the Work at issue in this case.

26. Stross registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27. Hyland Construction copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Stross's authorization in violation of 17 U.S.C. § 501.

28. Hyland Construction performed the acts alleged in the course and scope of its business activities.

29. Hyland Construction's acts were willful.

30. Stross has been damaged.

31. The harm caused to Stross has been irreparable.

WHEREFORE, Plaintiff prays for judgment against the Defendant John Hyland Const., Inc that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded such other and further relief as the Court deems just and proper; and

e. Plaintiff be awarded pre- and post-judgment interest.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: July 19, 2021

Respectfully submitted,

*/s/* ______________________________

Owen W. Dukelow Bar No. 965318
owen@khpatent.com
Kolisch Hartwell P.C.
520 SW Yamhill Street, Suite 300
Portland, Oregon 97204
Telephone – 503-244-6655

Jonah A. Grossbardt (Cal. Bar No. 283584), *pro hac vice* app to be filed
Jonah.grossbardt@sriplaw.com
SRIPLAW
8730 Wilshire Boulevard, Suite 350
Beverly Hills, California 90211
Telephone – 323-364-6565

*Attorneys for Plaintiff Alexander Bayonne Stross*